# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID J. CLARK
    Plaintiff,

v.                                                                      Case No. 06C614

BRAD TAGGERT, BOB KRIS,
JOHN JONES, SCOTT ALLEN, and
TOM SCHERTZ,
    Defendants.

## DECISION AND ORDER

Plaintiff David J. Clark, a civil committee proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983, against defendants Brad Taggert, phsychiatric care technician, Bob Kriz, institution unit supervisor, and John Jones, Scott Allen, and Tom Schertz, psychiatric care supervisors, who are employed at the Wisconsin Resource Center where plaintiff resides. Plaintiff asserts that defendants, in their individual and official capacities and acting under color of state law, deprived plaintiff of his substantive due process rights by placing him in seventy-two hour reassignment status following a dispute with defendant Taggert, thereby punishing him in violation of the Due Process Clause of the Fourteenth Amendment. In addition, plaintiff contends that he was punished for resisting imposition of seventy two hour reassignment status in violation of the Due Process Clause of the Fourteenth Amendment. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, although plaintiff is in the custody of the state, the heightened requirements of the Prison Litigation Reform Act do not apply because he is a civil committee. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff asserts that he has no income, and has approximately ten thousand dollars in outstanding student loans.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore,

2

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff, who is civilly committed pursuant to Wis. Stat. § 980, alleges that on April 27, 2006, he was involved in a dispute with defendant Taggert regarding Taggert's reference to plaintiff by his surname, which plaintiff apparently finds objectionable. Following the incident, defendant Taggert ordered plaintiff back to his unit. Subsequently, defendants Jones and Kritz met with plaintiff and informed him that they were placing him on seventy-two hour reassignment due to his disruptive behavior. According to plaintiff's complaint, seventy-two hour reassignment is a phase "used for patients pending an investigation or being assessed for placement into high management status." During reassignment, committees are restricted from possessing most electronic devices, are not permitted to engage in off-unit recreation or activities (including library use and attending religious services), and are prohibited from wearing their personal clothes and having

3

face-to-face visits. Further, only weekdays count towards the review of a seventy-two hour reassignment. Plaintiff contends that he objected to reassignment status and informed defendants that he believed such placement was a violation of his constitutional rights. He contends that he therefore resisted the attempts of defendants Kriz and Jones to place him in reassignment. For this behavior, following a hearing, defendants Allen and Schertz imposed additional constraints, including a two week unit confinement and demotion to the most restrictive unit status. Plaintiff was released from restricted confinement and subsequently filed the present action challenging the constitutionality of the seventy-two hour reassignment policy, and his subsequent punishment for resisting imposition of the policy, and requests declaratory and injunctive relief, as well as damages.

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The purpose of civil commitment is not to punish. Id. As such, civil committees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Id. When a state, through its agents, subjects a civil committee to deprivations of liberty not authorized by the nature of the confinement, the substantive and procedural protections of the Due Process Clause are triggered. Youngberg v. Romeo, 457 U.S. 307 (1982).

I conclude that plaintiff has stated at least colorable constitutional claims under § 1983. As a civil committee, plaintiff is entitled to more considerate treatment. Defendants' conduct may constitute a deprivation of such consideration, rising to the level of a

4

constitutional violation. See Gomez, 446 U.S. at 640; Youngberg, 457 U.S. at 324. Further, plaintiff alleges that defendants are employees at the Wisconsin Resource Center, and that the alleged constitutional violations occurred while defendants were carrying out their duties as WRC employees, meeting the second Gomez prong.

Finally, plaintiff names both employees in their individual and official capacities. State officials may be sued in their official capacity under § 1983 for prospective relief even when it means that the remedy targets official State policies, requiring the State's compliance and potential expenditure of State funds. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). This is because "'official-capacity actions for prospective relief are not treated as actions against the State.'" Id. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 165 n.14 (1985)). Further, under Ex parte Young, 209 U.S. 123 (1908), such claims are not barred by the Eleventh Amendment. Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003). Thus, to the extent that plaintiff's suit against defendants' in their official capacities seeks only prospective injunctive relief, and any damages are limited to defendants' in their individual capacities, plaintiff may proceed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee

5

schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or his counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 22 of August, 2006.

/s_____
LYNN ADELMAN
District Judge